[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15061
Non-Argument Calendar

_____

D. C. Docket No. 05-00164-CV-BAE-4

TEXACO TEMPLE,

Petitioner-Appellant,

versus

WARDEN CALVIN MORTON,
ATTORNEY GENERAL THURBERT BAKER,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 27, 2007)

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Texaco Temple, a Georgia prisoner, filed a pro se petition, pursuant to 28 U.S.C. § 2254, challenging his state convictions for aggravated assault and possession of a firearm by a convicted felon. In his petition, Temple made various claims relating to his trial counsel's failure to introduce a gunshot residue analysis that indicated that Temple did not have gunshot residue on his hands when he was tested immediately following the incident that resulted in his conviction. This Court granted a certificate of appealability ("COA") as to "(1) Whether the results of the firearms residue analysis were 'presented in the State court proceeding' under § 2254(d)(2); (2) If so, whether the district court erred in finding that trial counsel was not ineffective for failing to introduce the results of the firearms residue analysis at trial; and (3) Whether appellant's appellate counsel was ineffective for failing to call trial counsel to testify at the motion for new trial hearing."

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). As amended by the AEDPA, 28 U.S.C. § 2254(d) forbids federal courts from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409, 120 S.Ct. 1495, 1521 (2000). Furthermore, we have stated that "[i]t is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). Regarding factual findings, 28 U.S.C. § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 686, 104

3

S.Ct. 2052, 2064 (1984).  To make such a showing, a prisoner must prove two things.  Id. at 687, 104 S.Ct. at 2064.  First, the prisoner must show that counsel's performance was deficient.  Second, the prisoner must establish that the deficient performance prejudiced the defense.  Id.  "Counsel's competence . . . is presumed, and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."  Kimmelman v. Morrison, 477 U.S. 365, 384, 106 S.Ct. 2574, 2588 (1986) (citation omitted).  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment.  Chandler v. United States, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc).

### A.  Ineffective Assistance of Trial Counsel

The gunshot residue analysis does not appear in the state court records until it was "proffered," but "not admitted as evidence," after the state court had determined that Temple's second habeas petition was to be dismissed as successive.  This proffer of the gunshot residue analysis is insufficient because it occurred after the direct appeal and first habeas courts had already addressed the

4

claim, and, therefore, Temple did not present the gunshot residue analysis in any proceeding where the state court addressed the merits of Temple's ineffective-assistance-of-trial-counsel claim. See 28 § 2254(d)(2). Temple's failure to present the gunshot residue analysis made it reasonable for the Georgia Court of Appeals to conclude that Temple had failed to show that his trial counsel had access to, but failed to present, the gunshot residue analysis. See 28 U.S.C. § 2254(d)(2). Therefore, it was reasonable for the Georgia Court of Appeals to hold that Temple failed to show that his counsel had been deficient. See 28 U.S.C. § 2254(d)(1). Accordingly, we will not disturb the Georgia Court of Appeals's finding that Temple's ineffective assistance of trial counsel claim failed. See id.; Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

## B.  Ineffective Assistance of Appellate Counsel

The Supreme Court has held that the Strickland analysis also applies to claims of ineffective assistance of appellate counsel. Smith, 528 U.S. at 287-88, 120 S.Ct. at 765.  In addition, we have stated that "[w]hich witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." See Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995).

5

The state court reviewing Temple's first habeas proceeding reasonably found that Temple failed to show that his appellate counsel was ineffective. Temple's appellate counsel testified that he had a strategic reason for not calling Temple's trial counsel to testify at the motion for a new trial. However, Temple did not cross-examine his appellate counsel or present any evidence that his appellate counsel's actions were not sound strategy. Therefore, Temple failed to show that his representation was unreasonable and did not constitute sound strategy. Accordingly, it was reasonable for the state court to find that Temple had failed to show that his appellate counsel was ineffective. See § 2254(d)(1); Kimmelman, 477 U.S. at 384, 106 S.Ct. at 2588; see also Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. Thus, we affirm the district court's dismissal of Temple's § 2254 habeas petition.

**AFFIRMED.**