**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CALVIN MOSLEY, JR.,

          Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

          Respondent - Appellee.

No. 07-6245

(W.D. Oklahoma)

(D.C. No. 5:06-cv-00072-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Calvin Mosley Jr., appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his application for relief under 28 U.S.C. § 2254, *see id.* § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 application). Because no reasonable jurist would conclude that Mr. Mosley's § 2254 petition should have been resolved in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny his application for a COA. His application was untimely and there is no basis for equitable tolling.

On March 13, 2003, Mr. Mosley was convicted in Oklahoma state court of burglary in the first degree, assault and battery, and sexual battery. He was sentenced to two 10-year terms of imprisonment and a 5-year term of

imprisonment, to be served consecutively. On September 2, 2004, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentence.

On May 11, 2005, Mr. Mosley filed in the state trial court an application for postconviction relief, which was denied on June 29, 2005. Rather than appeal the decision, he filed on July 5, 2005, an "amended" application for postconviction relief, which was denied on October 13, 2005. On December 19, 2005, the OCCA affirmed the denial.

On January 20, 2006, Mr. Mosley filed a § 2254 application in the United States District Court for the Western District of Oklahoma. The application stated no grounds for the relief sought or any supporting facts. On the portion of the § 2254 form for stating these matters, he wrote only, "Will be presented in brief." R. Doc. 1 at 6, 7, 9, 11. No brief was submitted. On February 1, 2006, the court, noting Mr. Mosley's "Will be presented in brief" statements, issued an order striking his application for failure to provide "a short and plain statement of the claims for which [Mr. Mosley] seeks relief" and instructing him to file an amended petition in compliance with Fed. R. Civ. P. 8(a). R. Doc. 6. When he failed to do so, the magistrate judge recommended dismissal without prejudice. Despite being given two extensions to respond to the recommendation, he failed to do so, and the district court dismissed the case without prejudice on May 11, 2006.

On July 7, 2006, Mr. Mosley filed a "Motion to Clarify" the May 11 order, inquiring whether he was "still allowed to file a petition for a writ of habeas corpus in this court and under what conditions." R. Doc. 15 at 2. In response, the district court issued an order on July 10, 2006, advising him that he was permitted to refile his habeas application consistent with the court's May 11 order. On October 27, 2006, he moved for leave to file an oversized brief, which was granted. And on October 31, he submitted an "Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" alleging claims of ineffective assistance of counsel, insufficient evidence, and abuse of discretion by the trial court. R. Doc. 21. On November 29, 2006, the government moved to dismiss the application as untimely under 28 U.S.C. § 2244(d)(1)(D).

**DISCUSSION**

Section 2244(d)(1)(D) establishes a one-year limitation period for § 2254 applications. For Mr. Mosley's application that period began on December 2, 2004, upon expiration of the 90-day period after the OCCA decision for filing a petition for certiorari with the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269 (10th Cir. 2001). The one-year limitation period was tolled, however, while state postconviction review was pending, *see* § 2244(d)(2), which was from May 11, 2005, until December 19, 2005. As a result, Mr. Mosley had until July 13, 2006, to file a § 2254 application. But his second § 2254 application was not filed until October 31, 2006, and was therefore untimely.

Although he had filed his first § 2254 application on January 20, 2006, that filing did not affect the timeliness of the second application. A prior federal habeas proceeding does not toll the one-year period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Nor did Mr. Mosley's second § 2254 application relate back to his first application. A second habeas application does not relate back to an earlier habeas application that has been dismissed without prejudice. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) ("'[A] § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.'" (quoting *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000))). And in any event the failure of Mr. Mosley's first application to set forth claims, or even the factual basis for claims, precludes a later application from relating back to it. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims.").

Finally, Mr. Mosley contends that his second application was timely because of a delay in his receiving legal materials sent to the prison by his mother. Prison authorities promptly advised him that his mother was not an authorized source, so he arranged to have the materials sent to his lawyer, who then sent them to him at the prison. This process took from January 31, 2006, to May 11, 2006. Mr. Mosley argues under § 2244(d)(1)(B) that the state created an

unconstitutional impediment to his filing an application and that the one-year limitations period did not commence until that impediment was lifted in May 2006. Alternatively, he argues that he is entitled to equitable tolling arising from lack of access to his legal materials. But the impediment was not created by the state; it was caused by failure to comply with prison regulations regarding the sending and receiving of legal mail. And we fail to see how the three-month delay precluded Mr. Mosley from filing a timely application, particularly when his second § 2254 application raised grounds already pursued on direct appeal.

**CONCLUSION**

We conclude that no reasonable jurist could debate the district court's dismissal of Mr. Mosley's § 2254 application as untimely. *See Slack*, 529 U.S. at 485. Therefore, we DENY his application for a COA, and DISMISS this appeal. We GRANT his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge