[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2008
THOMAS K. KAHN
CLERK

No. 07-14940
Non-Argument Calendar

_____

D. C. Docket No. 05-23160-CV-AJ

DERRICK ALLEN,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 4, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Florida state prisoner Derrick Allen, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition for federal habeas corpus relief. After review, we affirm.

## I. BACKGROUND

In March 2000, a jury convicted Allen of four counts of kidnaping a child under age thirteen with a firearm and one count each of kidnaping with a firearm, armed robbery, and armed carjacking. He was sentenced to four concurrent life sentences, plus a concurrent sentence of 42 years. Allen's convictions and sentences were affirmed on direct appeal. The Florida state courts also denied Allen's state habeas petitions and motions for post-conviction relief.

On December 5, 2005, Allen filed a § 2254 petition in federal district court, which he amended on March 27, 2006. The amended petition set forth twenty-six enumerated claims. Claim 21, the only one at issue here, is entitled, "Cumulative Errors of Trial Counsel."

More specifically, Claim 21 alleges that Allen's trial counsel "was ineffective for failing to [1] investigate [a] speedy trial violation[, 2] inquire into [Allen's] []competency to stand trial and order psychiatric evaluation of [Allen] . . ., [and 3] promptly withdraw[] himself from continuing representing [Allen] under conflict of interest." Claim 21 then describes these three alleged errors of

2

trial counsel in more detail. With respect to the alleged failure of Allen's trial counsel to investigate a speedy trial violation, the amended petition avers that the state trial court ignored Allen's speedy trial demands, that continuances were granted without his knowledge, and that Allen "was not brought to trial within the required time frame set forth in Florida statute."

The magistrate judge issued a report and recommendation ("R&R") that analyzed each of Allen's asserted claims and recommended denial of the amended § 2254 petition. As to Claim 21, the R&R concluded that "none of Allen's individual claims in fact amounts to ineffective assistance, [so] their cumulative effect likewise caused him to suffer no prejudice." The district court adopted the R&R over Allen's objection and denied his petition. Allen filed this appeal, and we granted a certificate of appealability ("COA") on the following issue only:

> Whether the district court erred by failing to construe Allen's argument regarding counsel's cumulative errors as one raising a speedy trial claim, and if so, whether the district court failed to analyze that claim in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc).

## II. DISCUSSION

In reviewing a district court's denial of a § 2254 petition, we review questions of law de novo. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir.

2000). Our review is limited to the issues specified in the COA. <u>Murray v. United States</u>, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

In <u>Clisby</u>, out of "deep concern over the piecemeal litigation of federal habeas petitions," we exercised our supervisory authority over the district courts and instructed them to resolve all claims for relief raised in a petition for habeas corpus relief, regardless of whether relief is granted or denied. <u>Clisby</u>, 960 F.2d at 935-36. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." <u>Id.</u> at 938. We defined a "claim for relief" as "any allegation of a constitutional violation." <u>Id.</u> at 936.

Here, we find no <u>Clisby</u> error. First, Claim 21 is an ineffective assistance of trial counsel claim. Even if we construe Claim 21 as arguably raising a speedy trial claim, it at best raises a only a <u>state law</u> speedy trial claim and not a <u>federal</u> speedy trial claim. Allen's Claim 21 makes no mention of a federal constitutional speedy trial violation and, indeed, expressly states that Allen "was not brought to trial within the required time frame <u>set forth in Florida statute</u>." (Emphasis added).[1] Thus, even if Claim 21 is read broadly to include a speedy trial claim in

---

[1] Allen argues that Claim 21 asserts a federal constitutional violation because it alleges that the state trial court violated Florida's speedy trial rule, Fla. R. Crim. P. 3.191, and that rule is based on the United States Constitution. This argument is meritless. <u>See</u> Fla. Stat. § 918.015

4

addition to the stated ineffective assistance of trial counsel claim, the additional claim is at best only a state law speedy trial claim. Because Allen did not raise "any allegation of a constitutional violation" with respect to his speedy trial rights, the district court's failure to expressly consider a constitutional speedy trial claim below did not run afoul of Clisby. See Clisby, 960 F.2d at 936. We therefore affirm the district court's denial of Allen's § 2254 petition.

**AFFIRMED.**

---

(mandating Florida speedy trial rule in order to realize the speedy trial right guaranteed by Florida constitution and statute).