[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30 2000
THOMAS K. KAHN
CLERK

————————————————

No. 99-2402
Non-Argument Calendar

————————————————

D.C. Docket No. 98-00527-CV-FTM-26D

JEFFREY F. NYLAND,

Petitioner-Appellant,

versus

MICHAEL W. MOORE, Secretary of
the Florida Department of Corrections, and
ROBERT A. BUTTERWORTH,
Attorney General of the State of Florida,

Respondents-Appellees.

————————————————

Appeal from the United States District Court for the
Middle District of Florida

————————————————
**(June 30, 2000)**

Before ANDERSON, Chief Judge, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Jeffrey F. Nyland appeals the district court's denial of his pro se 28 U.S.C. § 2254 habeas corpus petition as time barred. Nyland argues that the district court erred when it failed to find that the filing date of his instant § 2254 petition related back to the date he timely filed his first § 2254 petition, which was dismissed without prejudice, and also erred when it failed to treat his state motions for post-conviction relief as pending until the mandates issued. Moreover, Nyland argues, for the first time on appeal, that his § 2254 petition was timely because the statute of limitations was tolled during the time in which he could have filed a petition for certiorari with the United States Supreme Court on his state motions for post-conviction relief.

After thorough review of the briefs and the record, we conclude that the district court correctly declined to relate Nyland's instant § 2254 petition back to the date his first § 2254 petition was filed, but that it erred in not finding that Nyland's state post-conviction motions were pending until the mandates issued. We decline to address Nyland's new argument that his § 2254 petition was tolled during the time in which he could have filed a petition for certiorari with the United States Supreme Court because Nyland did not raise this argument in the court below. See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that "'an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court'") (quoting Depree v. Thomas, 946 F.2d 784, 793 (11th Cir. 1991)).

2

The procedural history and facts relevant to this appeal are straightforward. Nyland was convicted by a state jury for sexual battery on a child. His conviction became final on July 28, 1993 when it was affirmed on appeal. On June 16, 1995, Nyland filed his first state motion for post-conviction relief, which was denied on May 21, 1996. On June 18, 1996, Nyland appealed the denial and it was affirmed by Florida's Second District Court of Appeal on March 21, 1997. The mandate issued on May 13, 1997. On August 1, 1997, Nyland filed his second state motion for post-conviction relief. The trial court denied the motion on January 26, 1998. Nyland appealed the denial on February 12, 1998, and it was affirmed by Florida's Second District Court of Appeal on April 3, 1998. The mandate issued on May 4, 1998. On February 18, 1998, Nyland filed a state petition for habeas corpus, which the state court of appeals denied on March 13, 1998. On March 20, 1998, Nyland filed his first federal § 2254 habeas petition, which the district court dismissed on March 31, 1998 without prejudice for failure to exhaust state remedies. On December 18, 1998 Nyland filed the instant § 2254 petition. On December 30, 1998, prior to the state's response and without asking the state for a response, the district court denied Nyland's § 2254 petition as time barred.

Nyland filed a motion for reconsideration arguing that his instant § 2254 petition should date back to his first § 2254 petition that was filed on March 20, 1998.

Nyland then filed an amendment to his motion for reconsideration arguing that his first and second motions for state post-conviction relief did not become final until the mandates issued. The district court denied Nyland's motion for reconsideration and Nyland appealed. The district court denied Nyland's motion for certificate of appealability. We granted Nyland a certificate of appealability on the issue of whether the district court erred in finding Nyland's § 2254 petition was untimely filed pursuant to 28 U.S.C. § 2244(d).

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. See King v. Moore, 196 F.3d 1327, 1330 (11th Cir. 1999). If there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration. See Pardue v. Burton, 26 F.3d 1093, 1097-98 (11th Cir. 1994).

First, Nyland argues that the filing date of his current § 2254 petition should relate back to the date he timely filed his first § 2254 petition, which was dismissed without prejudice because Nyland still had appeals pending in state court. Nyland relies for support on Stewart v. Martinez -Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), where the Supreme Court held that for purposes of determining whether a habeas petition is successive an issue that was raised in a prior habeas

4

petition and dismissed on technical grounds is considered part of the first petition and is not successive. Id. at 643-44, 118 S.Ct. at 1621-22. Stewart however is not pertinent to the case at hand because it only addressed the effect of a previous petition in determining whether a later petition was successive. It did not address the question of whether a previous petition dismissed without prejudice remained pending for the purpose of having a later filed petition relate back to it.

Although this Court has never specifically addressed whether a § 2254 petition can relate back to the filing date of a previous § 2254 petition that was dismissed without prejudice, this Court has held in other civil actions that petitions may not relate back to previously filed, similarly dismissed petitions, in order to avoid statute-of-limitations problems. See Dade County v. Rohr Indus., Inc., 826 F.2d 983, 989-90 (11th Cir. 1987). We also find persuasive the reasoning of the Third Circuit in Jones v. Morton, 195 F.3d 153, 160 (3rd Cir. 1999), that a § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.

Since the AEDPA makes no provision for relation back to previously filed § 2254 petitions when calculating the one-year statute of limitations, and this Circuit has not allowed such relation back in other civil cases simply to avoid a statute of

limitations problem, we hold that the district court did not err when it concluded that Nyland's current petition did not relate back to his first petition.

Second, Nyland argues that the district court erred in failing to find that his state post-conviction motions were pending until the mandates issued and therefore erroneously concluded that his § 2254 petition was time barred. Specifically, Nyland argues that the district court erred in finding that 391 days had passed during which no properly filed state motion was pending. He argues that his first motion for state post-conviction relief was pending on April 24, 1996, and remained pending until the mandate issued on May 13, 1997. The one year grace period then ran for 80 days until he filed his second motion for state post-conviction relief on August 1, 1997. This second motion remained pending until the mandate issued on May 4, 1998. The one-year grace period then ran for another 208 days until Nyland filed the instant petition on December 18, 1998. According to Nyland's calculations, only 288 days of the one-year grace period had passed when he filed his current § 2254 petition. The state counters that Nyland's state motions for post-conviction relief should not be considered pending until the mandates issued but only until the date on which the trial court denied Nyland's motions for rehearing.

The AEDPA imposes a one-year statute of limitations for petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). For prisoners whose convictions became final

6

before the effective date of the AEDPA, as did Nyland's, the statute of limitations begins running on April 24, 1996, giving these prisoners one year from this date to file a habeas petition. See Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998). The AEDPA's statue of limitations is tolled for the time "during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). In Florida, a state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues. See Hodges v. State of Fla., 709 So.2d 620, 621 (Fla. 1st Dist. Ct. App. 1998). We conclude, therefore, that the district court erred in failing to find that Nyland's motions were pending until the mandates issued and, presuming Nyland's second motion for state post-conviction relief was properly filed, his instant § 2254 petition was timely filed.

The state contends, however, that Nyland's second motion for state post-conviction relief was untimely, successive, and not properly filed.[1] Nyland replies that his second state motion was timely filed within two years of a perceived change in Florida law, and the state court did not deny the motion because it was untimely but because it disagreed with his claim.

_____

[1] The state points out that it did not raise this argument before the district court because the court denied Nyland's habeas petition nine days after receiving it without asking for a response from the state.

7

The AEDPA's statute of limitations is not tolled while a state motion for post-conviction relief is pending unless such motion is properly filed. See 28 U.S.C. § 2244(d)(2). A motion is not properly filed if the state court denied it as untimely or successive. See Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000) (holding that a state motion was not properly filed if the state dismissed it as untimely); Weekley v. Moore, 204 F.3d 1083, 1086 (11th Cir. 2000) (holding that a state motion was not properly filed if the state dismissed it as successive). Because the district court did not reach the question of whether Nyland's second state motion for post-conviction relief was properly filed, the question is not properly before us and must be remanded for the district court's consideration. See Pardue, 26 F.3d at 1097-98.

In sum, we conclude that the district court correctly declined to relate Nyland's instant § 2254 petition back to the date his first § 2254 petition was filed, but erred in failing to find that Nyland's state motions for post-conviction relief were pending until the mandates issued. We remand to the district court to determine whether Nyland's second state motion for post conviction relief was properly filed, and to recalculate, in light of its determination, whether Nyland's instant § 2254 petition was timely filed. Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**