[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 06, 2007
THOMAS K. KAHN
CLERK

No. 06-13158
Non-Argument Calendar

_____

D. C. Docket No. 05-22922-CV-FAM

CURRY HAWKINS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Curry Hawkins, a Florida prisoner proceeding *pro se*, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Hawkins argues that the victim and an eyewitness picked Hawkins's photograph out of an overly suggestive out-of-court photo lineup. The lead detective in the case told the victim afterwards that the witness had chosen the same photograph that the victim chose. Hawkins's trial transpired over three-and-one-half years after the crime, and both the victim and the witness identified Hawkins as the assailant at the trial. Hawkins contends that his trial counsel was ineffective for failing to file a motion to suppress both the out-of-court and in-court identifications by the victim and eyewitness. Trial counsel's failure to file a motion to suppress prejudiced Hawkins's defense because the only evidence linking him to the crime was allowed in at trial.

We review a district court's grant or denial of a § 2254 petition *de novo*, while we review the court's factual findings for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). Mixed questions of law and fact, including ineffective assistance of counsel claims, are also reviewed *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).

Where a claim was adjudicated on the merits in state court, federal courts shall not grant habeas relief unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  As separate bases for reviewing state court decisions,

[a] state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. . . . A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.  Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (citations omitted).  A state court's findings of fact "shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  "For performance

3

to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman*, 268 F.3d at 1243. Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. 2068.

Reviewing courts must be highly deferential in reviewing a counsel's performance and must utilize the strong presumption that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (*en banc*). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. The presumption of reasonable conduct is even stronger when reviewing an experienced trial counsel's performance. *Id.* at 1316. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (citation omitted).

"The reasonableness of a counsel's performance is an objective inquiry." *Chandler*, 218 F.3d at 1315. The test for reasonableness has nothing to do with

4

what the best lawyers would have done or even what most good lawyers would have done. *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995). Instead, the proper inquiry is "whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). "We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately. *Id.* at 1221. The reasonableness of the defense counsel's performance is evaluated from counsel's perspective at the time. *Strickland*, 466 U.S. at 689, 104 S. Ct. 2065. Further, because counsel's performance is measured against an objective standard, the fact that trial counsel admits at a post-conviction hearing that his trial performance was deficient matters little. *Chandler*, 218 F.3d at 1316, n.16.

The improper use of photographs by police may reduce the trustworthiness of a subsequent lineup or courtroom identification. *Simmons v. United States*, 390 U.S. 377, 383-84, 88 S. Ct. 967, 971 (1968). "The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error." *Id.* at 384, 88 S. Ct. at 971. "[E]ach case must be considered on its own facts, and . . . convictions based on eyewitness identification at trial

5

following a pretrial identification by photograph will be set aside on that ground only if the photograph identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* "Where suggestive pretrial confrontations may have created a substantial likelihood of irreparable misidentification at trial, the core question is whether under the totality of the circumstances, the in-court identification was reliable." *Jones v. Newsome*, 846 F.2d 62, 64 (11th Cir. 1988). The following factors should be considered in making that determination: (1) whether the witness had the opportunity to view the criminal at the time of the crime; (2) the degree of attention by the witness; (3) the accuracy of the witness's prior description; (4) the level of certainty displayed by the witness; and (5) the length of time between the crime and the identification. *Neil v. Biggers*, 409 U.S. 188, 199-200, 93 S. Ct. 375, 382 (1972). "While the ultimate conclusion as to the reliability of identification evidence is a mixed question of law and fact not governed by the Section 2254(d) presumption, each of the *Neil v. Biggers* factors is considered an issue of fact governed by the presumption." *Jones*, 846 F.2d at 64.

Here, we conclude from the record that the state court's decision was not contrary to clearly established law. First, although the state court did not mention it by name, it correctly analyzed the case under *Strickland* as the controlling law

6

governing ineffective assistance of counsel claims. Further, Hawkins does not argue, and the record does not suggest, that the facts of this case are materially indistinguishable from the facts in *Strickland*.

Moreover, the state court's decision, that Hawkins's counsel was not deficient, did not involve an unreasonable application of clearly established law, nor was it objectively unreasonable. Although he believed the out-of-court identifications were overly suggestive and likely inadmissible, counsel also believed that the in-court identifications were admissible based on the victim's and the witness's independent recollections of the offender at the time of the crime, and, therefore, counsel determined that it was Hawkins's best defense to allow the out-of-court identifications to come in and then attack the procedures used by the detective. In determining whether counsel's decision was reasonable, the state court correctly analyzed whether the in-court identifications would be reliable and therefore admissible by applying the factors enumerated in *Biggers*. After reviewing the pretrial depositions of the victim and the witness, the state court found, and the record supports, that (1) both witnesses had a "very good opportunity to view the perpetrator at the time of the crime," (2) both witnesses paid close enough attention that they were able to give a detailed description of the assailant's physical characteristics and what he was wearing, (3) prior to the photo

7

lineup, both witnesses gave a detailed description to law enforcement, (4) the witness was "very certain" of his photo identification, and the victim was confident she could identify the assailant in person, and (5) the identifications were made within five months of the crime.

The state court's findings on each of the *Biggers* factors are entitled to a presumption of correctness, and Hawkins has not shown that those findings were clearly erroneous. In addition, the presumption that counsel's performance was reasonable was strong in this case because of counsel's extensive experience in criminal trials. Based on the totality of circumstances as found by the state court and viewed by counsel at the time, it cannot be said that there was a very substantial likelihood of irreparable misidentification that would have led to the exclusion of the identification evidence. Therefore, because counsel's decision to challenge the identification process was not unreasonable under the circumstances, Hawkins has not overcome the presumption that the action was sound trial strategy. Further, because Hawkins did not establish that his counsel was deficient under the first prong of *Strickland*, it is unnecessary to address the second prong, namely, whether his counsel's conduct prejudiced Hawkins's defense.

Based on the foregoing, Hawkins has not met his burden under 28 U.S.C. § 2254(d), and, thus, we affirm the district court's judgment denying Hawkins

8

habeas relief.

**AFFIRMED.**