[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2009
THOMAS K. KAHN
CLERK

No. 08-15969
Non-Argument Calendar

_____

D. C. Docket No. 07-61584-CV-AJ

EMILIO JESUS NUNEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2009)

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Emilio Jesus Nunez, a Florida state prisoner proceeding pro se, appeals the

district court's denial of his federal habeas petition filed pursuant to 28 U.S.C.

§ 2254. The district court granted a certificate of appealability on the following issue: whether Nunez's "trial counsel rendered ineffective assistance of counsel by not putting on (and/or by not being prepared to put on) an insanity defense." Nunez argues that even though he informed counsel he did not want an insanity defense, his counsel's failure to prepare to present an insanity defense was ineffective assistance because the state trial court suggested to counsel that he should prepare to present the insanity defense in case Nunez changed his mind. After careful review, we affirm.[1]

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). As amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), 28 U.S.C. § 2254(d) forbids federal courts from granting habeas relief on claims that were previously adjudicated on the merits in state court, unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] In addition, Nunez's motion to reconsider our denial of his prior motion to expand the certificate of appealability, construed from his brief on appeal, is DENIED as untimely.

2

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). Moreover, "[i]t is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001). Regarding factual findings, 28 U.S.C. § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 686 (1984). To make such a showing, a petitioner must prove two things. Id. at 687.

3

First, the petitioner must show that counsel's performance was deficient. Second, the petitioner must establish that the deficient performance prejudiced the defense. Id. If a petitioner fails to show deficient performance, the court need not go on to determine whether there was prejudice, and vice-versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

"Counsel's competence . . . is presumed, and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986) (citation omitted). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Strickland, 466 U.S. at 689. If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. Williams v. Head, 185 F.3d 1223, 1228 (11th Cir. 1999).

Although the question under § 2254(d)(1) hinges on Supreme Court law, our application of Strickland is useful in illustrating whether the state court's application of Strickland was reasonable. In Gates v. Zant, we said, "[g]iven the finite resources of time and money that face a defense attorney, it simply is not realistic to expect counsel to investigate substantially all plausible lines of

4

defense." 863 F.2d 1492, 1498 (11th Cir. 1989). We further explained that counsel renders effective assistance when his decision to not pursue a particular defense is reasonable under the circumstances. Id. (citing Strickland, 466 U.S. at 691). And in Foster v. Strickland, 707 F.2d 1339, 1343 (11th Cir. 1983), the petitioner had instructed his defense counsel to not present an insanity defense, but then argued that his counsel was ineffective for failing to investigate an present an insanity defense. We held that because defense counsel had an ethical obligation to follow his client's choice to not present an insanity defense, the petitioner could not claim that counsel was ineffective for following the petitioner's instructions. Id. at 1343-44.

As applied here, the state court's determination that counsel was not ineffective was not objectionably unreasonable. As the record shows, Nunez instructed his counsel as early as February 1999 to "abandon all mental health issues." Nunez later explained that an insanity defense was not in his best interest because, if he was acquitted on the basis of insanity, his release from a state hospital would be at the discretion of the court, while if he was convicted of first-degree murder, he would only need to serve an additional 16 to 17 years' imprisonment before being eligible for parole because of the time he had already served. In September 1999, Nunez told the court that his counsel was still

planning to use the insanity defense, despite Nunez's instructions not to, and the court confirmed that counsel understood that he could not put forth an insanity defense without Nunez's permission. At a status conference in December 1999, Nunez informed the court he was still refusing the insanity defense. A month later, during a break in voir dire, Nunez's counsel told the court that he had prepared what he thought was the best insanity defense he had ever seen as a lawyer; however, Nunez continued to refuse the defense, and counsel had abandoned it. While the trial court reminded counsel that it had previously suggested that he be prepared to present an insanity defense in case Nunez changed his mind, counsel explained that it was unrealistic for him to prepare the insanity defense and Nunez's requested defense -- crime-of-passion -- because of the amount of time required to prepare the case for trial. The court opined that "Nunez has made the decision he didn't want to pursue an insanity defense. I previously ruled he was competent by those two doctors. He gets to call that shot. It is in direct opposition to the advice of counsel . . . He has chose to make this decision."

Following his conviction and appeals, Nunez filed a petition in state court for post-conviction relief, which included an ineffective-assistance-of-counsel claim asserting that even though he told his counsel he did not want an insanity defense, his counsel was ineffective for not preparing an insanity defense because

6

the trial court told counsel to have the insanity defense ready in case Nunez changed his mind. The state habeas court denied Nunez's claim, concluding that his counsel was not ineffective because Nunez precluded counsel from proceeding with an insanity defense. Nunez later filed this same claim in his § 2254 petition in federal district court, which similarly denied Nunez's petition.

On the record here, we reject Nunez's claim that the state court's determination that trial counsel was not constitutionally ineffective was an unreasonable application of Supreme Court law. As our case law shows, it was a reasonable choice for counsel to not prepare a defense his client had repeatedly refused because he did not think it was an appropriate use of his limited trial preparation time, which is a choice left to counsel's reasonable discretion. See Gates, 863 F.2d at 1498 (holding that counsel renders effective assistance of counsel when he makes a choice, that is reasonable under the circumstances, to not use his limited amount of preparation time to pursue a defense that he did not think was viable); Foster, 707 F.2d at 1343-44 (holding that a petitioner may not complain of his counsel following his instructions to not investigate and prepare an insanity defense). Because this is the same reason that the state court used -- i.e. Nunez's instruction to counsel to not pursue the insanity defense -- Nunez cannot show that the state court's application of Strickland was objectively unreasonable.

7

Since Nunez has not shown that counsel's performance was deficient under the first prong of <u>Strickland</u>, he cannot show that his counsel was constitutionally ineffective. 466 U.S. at 687. We therefore need not consider whether Nunez changed his mind as to wanting the insanity defense or whether the insanity defense would have prevailed at trial because those issues are part of the prejudice prong of <u>Strickland</u>. <u>Holladay</u>, 209 F.3d at 1248. Accordingly, we affirm the district court's denial of Nunez's § 2254 petition.

**AFFIRMED.**