[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15266
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23146-CV-PCH

BERNARD EDWARD BROWN,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 7, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Bernard Brown appeals the district court's denial of his section 2254 petition. A state jury convicted Brown for attempted first degree murder with a firearm, carrying a concealed firearm, and violating an injunction against domestic violence. No reversible error has been shown; we affirm.

Brown challenges the state trial court's refusal to strike a juror for bias. The district court concluded that the decision was within the discretion of the state trial court, and the exercise of that discretion did not violate Brown's Sixth Amendment right to trial by an impartial jury.

In a denial of a habeas petition under 28 U.S.C. § 2254, this court reviews a district court's conclusions of law, as well as mixed findings of law and fact, de novo. We review findings of fact for clear error. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000).

The district court, in adopting the recommendation of the magistrate, applied the deferential standard required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). All state factual findings are "presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1). A federal court may not

grant a writ of habeas corpus on a claim that was adjudicated on the merits in a state court unless the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d).

The Constitution guarantees all criminal defendants an impartial jury. Morgan v. Illinois, 112 S. Ct. 2222, 2228 (1992). In determining whether a juror is impartial, "[i]t is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." Irwin v. Dowd, 81 S. Ct. 1639, 1643 (1961).[1] This is basically the issue: "did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestation of impartiality have been believed[?]" Patton v. Yount, 104 S. Ct. 2885, 2891 (1984).

Brown asserts that Juror Merced was not impartial and that this bias rendered his conviction unconstitutional. Brown's only evidence is Juror Merced's answer to an improper question during voir dire. The prosecutor asked, "do you

---

[1]Brown believes that state law requires a finding of bias. Under ADEPA, we are unable to evaluate any state law claims, and so we do not reach the merits of this argument.

think that whatever involvement you had in the context of your life, do you think that you'll be able to put that aside and listen to the evidence in this case or do you think that will affect you as you listen to the evidence, so it may impact your ability to make a decision in this case?"

Juror Merced answered, "I think I could, but I can't give you a direct answer."[2]

The trial judge asked the question in a more appropriate manner, specifically: "the question is can you be fair and impartial. . . . Can you listen to the evidence, sir? Can you listen to the evidence and put aside all of that experience and when you go back in there you can be fair and impartial to both sides?" Juror Merced responded affirmatively. The trial judge accepted his answer.

The state trial court made a determination of fact: Juror Merced could be impartial. Brown presents no evidence to contest this finding. We review the factual finding under the presumption that it is correct, and we see no reason to overturn that presumption. The constitutional requirement for an impartial jury requires no more.

AFFIRMED.

---

[2]This line of questioning was pertinent because Juror Merced's mother had been a victim of domestic abuse.