[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15215
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-60502-CV-KAM

AKEEM MUHAMMAD,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 10, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Akeem Muhammad, a Florida state prisoner serving a life sentence for first

degree murder, appeals *pro se* the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. On appeal, Muhammad argues that the prosecutor engaged in prosecutorial misconduct, leading to a violation of his due process right to a fair trial. Muhammad also argues ineffective assistance of counsel for failure to object to the prosecutorial misconduct as a ground for relief.

## I. BACKGROUND

After his jury trial in Florida state court, Muhammad challenged his conviction and sentence on direct appeal. The Florida Supreme Court affirmed his conviction but vacated his sentence.[1] *Muhammad v. State*, 782 So. 2d 343, 349 (Fla. 2001) (per curiam). The state and Muhammad petitioned the Supreme Court of the United States for a writ of certiorari, but both were denied. *Florida v. Muhammad*, 534 U.S. 944, 122 S. Ct. 323 (2001); *Muhammad v. Florida*, 534 U.S. 836, 122 S. Ct. 87 (2001). Muhammad filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The Florida court dismissed Muhammad's motion, and the Florida District Court of Appeal affirmed the decision without any substantial discussion of the issues. This was followed by the present habeas corpus petition.

Muhammad filed his 28 U.S.C. § 2254 petition for habeas corpus relief in

---

[1]Muhammad later appears to have been resentenced to life in prison. D. 37 at Ex. A.

the United States District Court for the Southern District of Florida. Muhammad contends, *inter alia*, that during closing argument in his trial, the prosecutor made three improper remarks and that Muhammad's counsel failed to object to one of the improper remarks. A magistrate judge issued a Report and Recommendation recommending the denial of Muhammad's petition in its entirety, including the claims of prosecutorial misconduct as a violation of due process and ineffective assistance of counsel. D. 60 at 42. First, the magistrate judge found that none of the three allegedly improper statements by the prosecutor ultimately deprived Muhammad of a fair trial. *Id.* at 35–36. Second, the magistrate judge found that since the Florida Supreme Court found that none of the statements constituted "fundamental error," his attorney's failure to object did not meet the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). *Id.* at 36.

Muhammad filed objections to the Report and Recommendation. Regarding his due process based on prosecutorial misconduct claim and his ineffective assistance of counsel claim, he argued that the magistrate judge "failed to consider the totality" of those claims by ignoring other alleged instances of prosecutorial misconduct and addressing only those raised on direct appeal. He also argued that the magistrate judge erroneously relied on findings of fact and statements of law

3

from the state courts that he believed were in error. However, Muhammad's allegations of legal error only vaguely argued that the state court's decision did not comport with the applicable federal authorities. He also contended that the magistrate judge failed to properly consider the totality of the circumstances when it found no prejudice existed on the ineffective assistance claim. The district court adopted and affirmed the Report and Recommendation without modification. D. 67.

Muhammad filed a motion for Certificate of Appealability ("COA") with the district court. He requested permission to raise twenty-two issues on appeal. The district court denied the motion. This Court later granted a COA as to two issues:

> Whether the district court erred by finding that the prosecution's statements during closing arguments asking the jury to consider the pain and suffering of the victim, describing state witnesses' testimony as candid, and discussing evidence relating to Muhammad's license plate number, deemed inadmissible by the trial court, did not render Muhammad's trial fundamentally unfair

and

> Whether the district court erred finding that Muhammad's counsel was not ineffective for failing to raise an objection to the prosecution's comments at closing arguments relating to evidence of Muhammad's license plate number which was deemed inadmissible by the trial court.

D. 86 at 2–3. It denied a COA on all other claims. *Id.* at 2.

On appeal, Muhammad first argues that the prosecutor improperly tried to

4

inflame the jury during closing arguments by focusing on the pain and terror of the victim. During closing argument, the prosecutor stated, "Debra Holdren . . . testified that there was terror on [the victim's] face and she saw how frightened he was . . . ." Ex. 20 at 1962. He also stated:

> The victim of the crime . . . is not here to speak because he is dead but had he survived and if he was asked to come in and tell you his perception of what happened to him and what he saw and who did it to him against the back drop of the fear and the anger and the terror . . . .

Ex. 20 at 1968–69. Muhammad's attorney objected to this later statement, but was overruled. The state responds that, regarding the victim's pain, a witness had already testified that the victim had a "look of terror," and therefore, the statement was a comment on the evidence. It also contends that there was no reasonable probability that these comments, even if improper, contributed to a guilty verdict.

Second, Muhammad argues that the prosecutor repeatedly and impermissibly vouched for the credibility of a witness by stating that she was "candid" during his closing argument. The prosecutor stated, "Herndon, as far as her identification here, I would submit to you she was candid, they all were candid and they were all candid conversations based upon human experiences." *Id.* at 1982. He also stated, "[L]ook at Melissa Herndon when you are talking candor . . . ." *Id.* at 1985. Muhammad's counsel did not object to either statement. The state

5

contends that the prosecutor reminded the jury members that it was their job to assess the credibility of the witnesses, and that any improper comments did not deny Muhammad due process. It also argues that Muhammad did not raise this issue on direct appeal, though the state does not explicitly argue that the claim is procedurally barred. At the outset, where the state does not assert a procedural bar and it is unclear whether a court in a previous ruling considered an issue procedurally barred, a federal court considers the issues on the merits. *See Davis v. Zant*, 36 F.3d 1538, 1545 (11th Cir. 1994).

Third, Muhammad contends that the prosecutor referenced facts not in evidence during his closing argument by stating that the police were able to identify Muhammad's car based on the license plate, even though such evidence previously had been ruled inadmissible. During closing argument, the prosecutor stated:

> Officer Russell testified to you that there was additional information given to him that he used as far as the car was concerned to go ahead and stop that car and to detain that car, but it was not all beaten up. *Tags*. There was additional information that he used to do that this which was given to him in this particular case.

Ex. 20 at 1986 (emphasis added). Muhammad's counsel did not object. The state concedes that the license plate comment was improper, but it notes that it constituted harmless error beyond a reasonable doubt.

6

Additionally, Muhammad alleges that his counsel's failure to object to the reference to the license plate constituted ineffective assistance of counsel. The state responds by arguing that Muhammad cannot show prejudice because the underlying error was not "fundamental." Accordingly, we review only the issues granted under the COA and affirm the denial of Muhammad's 28 U.S.C. § 2254 petition for habeas corpus relief.

## II. STANDARD OF REVIEW

When reviewing a district court's denial of a § 2254 habeas corpus petition, "we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005) (citing *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

## III. DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant habeas relief with respect to a claim adjudicated in state court if the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the

7

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Maharaj v. Sec'y for the Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

## A.    Due Process Based on Prosecutorial Misconduct

"To find prosecutorial misconduct, a two-pronged test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991) (citing *United States v. Walther*, 867 F.2d 1334, 1341 (11th Cir. 1989)). "The reversal of a conviction or a sentence is warranted when improper comments by a prosecutor have 'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.'" *Parker v. Head*, 244 F.3d 831, 838 (11th Cir. 2001) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464 (1986)); U.S. Const. Amend. XIV. Due process is denied "when there is a reasonable probability," or "a probability sufficient to undermine confidence in the outcome," that, but for the improper remarks, "the outcome of the proceeding would have been different." *Eyster*, 948 F.2d at 1206–07 (citations and internal punctuation omitted). Where prosecutorial misconduct renders a trial fundamentally unfair, it constitutes a denial of due process. *Land v. Allen*, 573 F.3d 1211, 1219 (11th Cir. 2009) (per curiam) (citing *Darden*, 477 U.S. at 181). If

8

it fails to render the trial fundamentally unfair, however, habeas relief is not available. *Id.*

The remarks are considered under the totality of the circumstances. *Hall v. Wainwright*, 733 F.2d 766, 773 (11th Cir. 1984) (per curiam) (citing *Brooks v. Francis*, 716 F.2d 780, 787 (11th Cir. 1983)). "In determining whether arguments are sufficiently egregious to result in the denial of due process," we consider factors including: "(1) whether the remarks were isolated, ambiguous, or unintentional; (2) whether there was a contemporaneous objection by defense counsel; (3) the trial court's instructions; and (4) the weight of aggravating and mitigating factors." *Land*, 573 F.3d at 1219–20 (citing *Romine v. Head*, 253 F.3d 1349, 1369–70 (11th Cir. 2001)). Other factors courts have considered include: "the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused" and "the strength of the competent proof to establish the guilt of the accused." *Davis*, 36 F.3d at 1546 (citing *Brooks v. Kemp*, 762 F.2d 1383, 1402 (11th Cir. 1985) (en banc)). "[T]he bar for granting habeas based on prosecutorial misconduct is a high one." *Land*, 573 F.3d at 1220. Where there is other overwhelming evidence of guilt, improper comments will usually not render a trial fundamentally unfair. *See id.*

Under Florida law, an argument is improper if it invites the jury to imagine

the pain and suffering of the victim. *See Urbin v. State*, 714 So. 2d 411, 421 (Fla. 1998) (per curiam) (holding improper an imaginary script where prosecutor stated victim died pleading for his life); *Garron v. State*, 528 So. 2d 353, 358–59 (Fla. 1988) (per curiam) ("[Y]ou can just imagine the pain this young girl was going through as she was laying there on the ground dying . . . . I would hope . . . that the jurors will listen to the screams and to her desires for punishment . . . ." (internal quotation omitted)). The Florida Supreme Court found that the prosecutor's remarks that referred to the look of terror and fear of the victim were a violation of that rule in this case, but the record as a whole indicated that it was harmless beyond a reasonable doubt. *Muhammad*, 782 So. 2d at 360. The Florida Supreme Court's decision, that nothing about the statements concerning the terror of the victim indicated that it contributed to the jury's verdict, is not contrary to clearly established federal law on due process. Further, as multiple witnesses identified Muhammad as the shooter, among other evidence, treating the prosecutor's comments regarding the look on the victim's face as harmless beyond a reasonable doubt was not contrary to, or an unreasonable application of, federal law.

A prosecutor's comments constitute improper "vouching" if they are "based on the government's reputation or allude to evidence not formally before the jury." *Eyster*, 948 F.2d at 1206 (citing *United States v. Hernandez*, 921 F.2d 1569, 1573

10

(11th Cir. 1991)). "The prohibition against vouching does not forbid prosecutors from arguing credibility, which may be central to the case . . . ." *Hernandez*, 921 F.2d at 1573. Although improper vouching can be grounds for reversal, it may be cured if the remarks are not "substantially prejudicial" and any lingering prejudice is remedied by a careful cautionary instruction. *See United States v. Sarmiento*, 744 F.2d 755, 762–65 (11th Cir. 1984). Although the district court did not explicitly address whether the prosecutor's statements constituted improper vouching, the record here shows that the error, if any, was harmless. First, a statement that a witness was "candid" does not show that the prosecutor relied on the government's reputation to support the witness. Further, there is no indication that this remark rendered the entire trial fundamentally unfair in violation of Muhammad's right to due process. An isolated statement that a witness was candid, when contrasted with multiple eyewitness identifications, is not sufficient to overcome the high threshold for establishing that the trial was fundamentally unfair, violating Muhammad's due process rights.

Finally, it is prosecutorial misconduct to argue "prejudicial facts not in evidence." *Berger v. United States*, 295 U.S. 78, 84, 55 S. Ct. 629, 631 (1935). Muhammad argues that it was prosecutorial misconduct during closing argument for the prosecutor to argue that the arresting officer had received information on a

11

license plate and matched that to Muhammad's vehicle, after a pretrial motion in limine ruling barred such evidence. The prosecutor's comment regarding the license tag was impermissible because the pretrial motion forbade any mention of the license plate, and no witness testified about the plate. The prosecutor's statement in his closing statement was arguably probative, as information on the plates would more strongly link Muhammad's car to the crime scene.

As previously stated, Muhammad was identified as the shooter by several witnesses. Russell had other stated reasons for believing the car in question was the same one linked to the crime scene. More specifically, during Officer Russell's re-direct examination, the prosecutor asked, "This last ["Be On the Lookout"] that you had other than the first one without telling us the information in it, was that updated with some specific information?" Ex. 20 at 1798. Officer Russell replied, "Absolutely, it was." *Id.* In light of the record, it does not appear that the comment referring to the license plate, although improper, rendered the trial fundamentally unfair in violation of due process.

In light of the overwhelming evidence of guilt, coupled with defense counsel's failure to contemporaneously object, the prosecutor's improper and isolated comments did not render this trial fundamentally unfair. Accordingly, Muhammad has not shown that the Florida court's decision, that the improper

12

comments were harmless beyond a reasonable doubt, was contrary to, or constituted an unreasonable application of, federal law. Therefore, the district court did not err in denying Muhammad's petition as to his due process claim based on prosecutorial misconduct.

**B.    Ineffective Assistance of Counsel**

In order to show ineffective assistance of counsel, a petitioner must demonstrate "both (1) deficient performance of counsel *and* (2) prejudicial impact stemming from counsel's deficient performance." *Alderman v. Terry*, 468 F.3d 775, 792 (11th Cir. 2006) (citing *Strickland*, 466 U.S. at 687); U.S. Const. Amend. VI. This Court has held that where a petitioner was not entitled to relief for prosecutorial misconduct, his attorney's failure to object to that misconduct does not warrant reversal. *See Land*, 573 F.3d at 1221.

The district court did not err in denying Muhammad's petition in this respect. Assuming *arguendo* Muhammad's attorney was constitutionally ineffective for failing to object, the statements themselves did not render the trial fundamentally unfair. Muhammad has not shown that, had his attorney objected contemporaneously to the improper comment regarding a fact not in evidence, the outcome would have been any different. The Florida court's conclusion that this was harmless beyond a reasonable doubt was therefore not clearly contrary to, or

13

an unreasonable application of, federal law.

Upon review of the record and the parties' briefs, we affirm the district court's denial of Muhammad's 28 U.S.C § 2254 petition for habeas corpus relief.

**AFFIRMED.**