[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2011
JOHN LEY
CLERK

No. 09-15489
Non-Argument Calendar
_____

D. C. Docket No. 09-21569-CV-UU

JOSE G. TAPIA,
and all others similarly situated
under 29 USC 216(B),

Plaintiff-Appellant,

GUSTAVO COLLADO,

Plaintiff,

versus

FLORIDA CLEANEX INC,
LUIS LOAIZA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2011)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Jose Tapia ("Tapia") appeals the district court's grant of summary judgment in favor of the defendant, Florida Cleanex, Inc. ("Florida Cleanex"), in this action for damages stemming from alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Tapia asserts that he was denied overtime wages in violation of the FLSA. The district court granted summary judgment in favor of Florida Cleanex after finding that Tapia "failed to demonstrate a material issue of fact as to the existence of jurisdiction for an overtime violation under the FLSA." As relevant to this appeal, the court accepted Florida Cleanex's defense that any cleaning supplies that had entered into interstate commerce had also "come to rest" prior to their purchase by Florida Cleanex, and held that the FLSA does not impose enterprise coverage on a defendant who engages in certain intrastate purchases of products, even if those products are made out-of-state.[1]

After receiving full briefing in Tapia's appeal, this Court decided Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217 (11th Cir. 2010), in which we

---

[1] The district court also concluded that the FLSA's individual coverage provisions did not apply to Florida Cleanex. Tapia did not appeal that aspect of the court's order, and therefore our opinion is limited solely to the district court's conclusions regarding enterprise liability. See e.g., Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (issues not raised on appeal are deemed waived).

expressly rejected the interpretation of FLSA applied by the district court in this case. Id. at 1221. Specifically, we held:

> if a district court, ruling for a Defendant, applied the "coming to rest" doctrine—for instance, by looking at where Defendant bought an item instead of where an item was produced, we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases.

Id. Our opinion in Polycarpe also recognized that enterprise coverage under the FLSA may depend upon whether items that have moved in interstate commerce are classified as either "goods" or "materials." Id. at 1221–27. But we refused to make these factual findings in the first instance, choosing instead to "allow[] [the district court] to resolve ultimately these factual questions on remand as it finds them." Id. at 1228 n.14.

We reach the same result here. First, the district court's summary judgment order is predicated entirely upon the location of where certain cleaning supplies were purchased, rather than where they originated. But Tapia has alleged and provided evidence that these items traveled in interstate commerce, and thus "[t]he district court[] will need to make some further factual decisions about the interstate history of the items in [this] case[]." Id. at 1221. Second, Florida Cleanex concedes "it is not clear whether the cleaning supplies at issue are 'goods' . . . or

3

whether they are 'materials.'" Thus, as in <u>Polycarpe</u>, we must remand in order for the district court to resolve this issue in the first instance. <u>See</u> <u>Nyland v. Moore</u>, 216 F.3d 1264, 1266 (11th Cir. 2000) (explaining that "[i]f there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration"). For these reasons, we reverse the district court's summary judgment order and remand for further proceedings consistent with <u>Polycarpe</u>.

REVERSED and REMANDED.