[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14934
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00116-MP-GRJ

RALPH FAYSON,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 10, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Ralph Fayson, a Florida prisoner, appeals *pro se* the district court's denial of his *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus.  In his petition, he asserted that his trial counsel was ineffective for waiving his constitutional right to a speedy trial without his consent.  Fayson argued that, had his speedy trial rights not been waived, the state would have been forced to proceed to trial unprepared, without evidence or witnesses, including their star witness, Lanu Perosi.

The district court denied Fayson's § 2254 petition, finding that the state court correctly applied *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  It further found that: (1) counsel was permitted to waive Fayson's speedy trial right without Fayson's consent; (2) counsel was not deficient for waiving Fayson's speedy trial right because counsel was unprepared for trial, and proceeding would have prejudiced Fayson; and (3) Fayson suffered no prejudice in connection with counsel's waiver of his speedy trial right.  We granted a certificate of appealability on the issue of whether Fayson's counsel was ineffective for waiving Fayson's right to a speedy trial.

On appeal, Fayson argues *pro se* that counsel falsely stated that the defense was unprepared for trial, so that the state could gain the key advantage by presenting *Williams*[1] Rule testimony.  He also asserts that the state had "no

---

[1] *Williams v. State*, 110 So.2d 654, 662 (Fla. 1959) (holding that "evidence revealing other crimes is admissible if it casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general

evidence" on November 24, 2004, when counsel requested a continuance, and he would have been acquitted without counsel's "fraudulent waiver" of his speedy trial right. Fayson also contends that counsel's decision to delay trial was not a tactical one to depose witnesses, because counsel announced that he was ready for trial one month later, even though he had not deposed any additional witnesses.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). A federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court. 28 U.S.C. § 2254(d)(1)-(2). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

---

pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the offense being tried").

Pursuant to the Sixth Amendment, a criminal defendant has the right to the effective assistance of counsel. *Strickland*, 466 U.S. at 685-86, 104 S.Ct. at 2063. To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. *Id*. at 687, 104 S.Ct. at 2064. Counsel's performance is deficient if it falls below an objective standard of reasonableness, under prevailing professional norms and considering all circumstances. *Id.* at 688, 104 S.Ct. at 2065. Courts must "eliminate the distorting effects of hindsight," and evaluate the conduct from counsel's perspective at the time the decision was made. *Id.* at 689, 104 S.Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Furthermore, counsel's strategic choices, made after a thorough investigation of law and facts relevant to plausible options, are virtually unchallengeable. *Id.* A defendant may demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Because the petitioner must demonstrate both deficient performance and prejudice, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Ward v. Hall*, 592 F.3d 1144, 1163

4

(11th Cir. 2010).  The standards in *Strickland* and § 2254(d) are both "highly deferential," and, when applied in tandem, review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. ___, ___, 131 S.Ct. 770, 788, 178 L.Ed.2d 264 (2011).

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI. An attorney, acting without consent from his client, may waive his client's right to a speedy trial because "[s]cheduling matters are plainly among those [decisions] for which agreement by counsel generally controls."  *New York v. Hill*, 528 U.S. 110, 115, 120 S.Ct. 659, 664, 145 L.Ed.2d 560 (2000) (regarding waiver of the right to speedy trial in the Interstate Agreement on Detainers).

Here, the state court's denial of post-conviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" *Strickland*, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court.  *See* 28 U.S.C. § 2254(d)(1)-(2).[2]  First, counsel was not deficient for moving for a continuance without Fayson's consent, because scheduling issues are the province of counsel. Second, counsel's decision to move for a continuance was not objectively

---

[2] We initially note that although the state argues that Fayson only asserted that his right to a speedy trial under Florida law was violated, he actually claimed in his § 2254 petition and again on appeal that counsel violated his *constitutional* right to a speedy trial.

5

unreasonable under the circumstances because counsel still had 23 depositions to conduct 5 days before trial, including 2 of the state's key witnesses.  Finally, Fayson cannot show prejudice because: (1) he merely speculates that, had counsel not waived his speedy trial right, the state would have been unable to procure key witnesses for trial; and (2) there was sufficient evidence for the jury to convict Fayson, even without the testimony of those witnesses.  Based on the above, and in light of our "doubly" deferential review, the district court did not err in concluding that counsel was not ineffective under *Strickland* for waiving Fayson's speedy trial rights.  *See Harrington*, 562 U.S. at ___, 131 S.Ct. at 788.

      **AFFIRMED.**