[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12872
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00131-HLM

MICHAEL MORGAN,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael Morgan, a federal prisoner serving a 15-year sentence for possession of a firearm by a convicted felon, appeals *pro se* the district court's summary dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. Morgan was sentenced to a mandatory minimum term of 15 years' imprisonment under the Armed Career Criminal Act (ACCA) based on a pretrial stipulation that he had been convicted in Georgia state court of:  (1) sale of cocaine, (2) possession of cocaine with intent to distribute, (3) robbery, and (4) aggravated assault and possession of cocaine with intent to distribute.  Morgan asserts he is entitled to bring a § 2241 petition based on *Begay v. United States*, 553 U.S. 137 (2008), under the "savings clause" of 28 U.S.C. § 2255(e).  After review,[1] we affirm the district court.

The district court did not err in summarily dismissing Morgan's petition because it plainly appears from his petition that he is not entitled to § 2241 relief. *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). In order to bring a § 2241 petition based on *Begay* under the savings clause of § 2255(e), Morgan was required to establish that throughout his sentencing, direct

---

[1]  When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error.  *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).  We review *de novo* whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e).  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013).

2

appeal, and § 2255 proceeding, binding circuit precedent squarely foreclosed his *Begay* claim, and that after Morgan's initial § 2255 proceeding, *Begay* overturned that circuit precedent. *See Bryant v. Warden, FCC Coleman-Medium* , 738 F.3d 1253, 1274 (11th Cir. 2013) (explaining to successfully bring such a claim pursuant to the savings clause, the petitioner needed to, among other things, establish that throughout his sentencing, direct appeal, and § 2255 proceeding, binding circuit precedent squarely foreclosed his § 924(e) claim and that subsequent to his initial § 2255 proceeding, *Begay* overturned prior circuit precedent regarding the petitioner's § 924(e) claim). Morgan was not sentenced until December 5, 2008, almost seven months after the Supreme Court decided *Begay* on April 16, 2008. *See Begay*, 553 U.S. at 137. He fails to show why he could not have presented this claim at sentencing, on direct appeal, or in a timely-filed first § 2255 motion. Thus, he has failed to meet his burden of showing his right to the requested form of habeas relief. *See Bryant*, 738 F.3d at 1274. Accordingly, the district court did not err in summarily dismissing his petition on the basis there was no impediment to Morgan raising his current claim either at sentencing, on direct appeal, or in a § 2255 motion.[2]

**AFFIRMED.**

---

[2] To the extent Morgan argues the district court should have applied the modified categorical approach to determine whether his prior convictions qualified under the ACCA, *Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013), Morgan has not shown that he was convicted under divisible statutes.