[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15799
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01195-VEH-SGC

RORY O'NEAL SCALES,
for A.L.S. A minor,

Petitioner - Appellant,

versus

TALLADEGA COUNTY DEPARTMENT OF HUMAN RESOURCES,
JUDGE RYAN RUMSEY, and
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 24, 2017)

Before TJOFLAT, MARCUS, and FAY, Circuit Judges.

PER CURIAM:

Rory Scales, proceeding *pro se*, appeals the dismissal of his habeas corpus petition under 28 U.S.C. § 2254 for lack of subject matter jurisdiction.  His habeas petition sought review of an order by the Juvenile Court of Talladega County in Alabama that terminated his parental rights to A.L.S., a minor child.[1]  Scales filed the § 2254 action as the next friend of A.L.S.  On appeal, Scales argues that the district court violated A.L.S.'s due process and equal protection rights because he dismissed the habeas petition for lack of jurisdiction.[2]

In reviewing § 2254 habeas corpus petitions, we review *de novo* questions of law and mixed questions of law and fact.  *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).  We review findings of fact for clear error.  *Id.*

A district court may entertain a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[1] The Alabama juvenile court terminated Scales's parental rights on February 21, 2013. The court found that Scales and A.L.S.'s mother had "a long history of domestic violence which has resulted in multiple incidents wherein law enforcement authorities have been forced to respond."  Most egregiously, Scales attacked A.L.S's mother with a hammer in the presence of A.L.S, which put A.L.S.'s mother into the hospital.  For this assault, Scales was convicted of domestic violence in the second degree and received a ten-year prison sentence.  He was released after three years.

[2] Liberally construed, Scales's brief also requests that we appoint counsel for his appeal. Since the district court lacked subject matter jurisdiction to entertain his § 2254 petition, Scales cannot show that appointment of counsel is required to help him present the merits of his petition.  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (holding that counsel must be appointed only where "the *pro se* litigant needs help in presenting the essential merits of his or her position to the court").

2

custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). In *Lehman v. Lycoming Cty. Children's Servs. Agency*, the

Supreme Court held that § 2254(a) does not confer federal courts with jurisdiction

to consider collateral challenges to state court judgments that terminate parental

rights. 458 U.S. 502, 515–16, 102 S. Ct. 3231, 3239–40 (1982); *see also*

*Ankenbrandt v. Richards*, 504 U.S. 689, 702, 112 S. Ct. 2206, 2215 (1992) ("We

conclude therefore, that the domestic relations exception, . . . divests the federal

courts of power to issue divorce, alimony, and child custody decrees."). This

precedent settles this case.

Scales brought his § 2254 petition to challenge the state court judgment that

terminated his parental rights to A.L.S. *Lehman* held that the federal courts lack

jurisdiction over such a challenge, because "Congress has indicated no intention

that the reach of § 2254 encompass a claim like that of [Scales]." 548 U.S. at 516,

102 S. Ct. at 3240. The district court did not err in dismissing the petition for lack

of subject matter jurisdiction.

**AFFIRMED.**

3