[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12500
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-21855-MGC

MANUEL A. JUNES,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT
OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2019)

Before ROSENBAUM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Manuel Junes, a Florida prisoner proceeding *pro se*, appeals from the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  On appeal, we issued him a certificate of appealability as to whether the district court erred in denying his ineffective assistance of counsel claim.

Junes and his co-defendant, Wiley, went to trial on a charge of attempted second degree murder.  Junes was convicted and sentenced to twenty years.  Wiley was the actual shooter, but there was evidence that Junes had told Wiley to shoot the victim.

In the district court and on appeal, Junes argued that his trial counsel was ineffective for advising that he reject a ten-year plea offer offered to him just prior to jury selection.  He contends that counsel incorrectly advised him that the jury could not convict him as the principal based on the testimony of a single witness.

On the day of the trial, before jury selection, and in open court, Junes's counsel told the court the prosecution had offered Junes,  the alleged non-shooter, an offer to plead guilty and receive ten years, while the prosecution offered the alleged shooter, Wiley, five years for a plea deal.  Acknowledging that witnesses (plural) had allegedly accused Junes of telling Wiley to shoot the victim, counsel expressed shock that the shooter would be offered five years while his client, Junes, was only offered ten years.  After ensuring that Junes's counsel had consulted with him about the plea offer, the court personally addressed Junes, who

2

had been present during his counsel's colloquy with the court about the plea offer. Junes assured the court that he had talked with his counsel about the offer, that he understood he could be found guilty and sentenced up to life imprisonment, that he had made no counter-offers and did not want to do so, and that he wanted to go to trial.[1]

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). We can affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d)(1), (2). The AEDPA imposes a "highly

---

[1]    Co-defendant Wiley also rejected his plea offer and was tried with Junes. The jury found him not guilty.

3

deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation marks and citation omitted). The reviewing court applies a "doubly" deferential standard that takes into account § 2254's deference to state courts and the deference to counsel, affirming if "there is any reasonable argument that counsel" acted pursuant to prevailing professional standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Where a state court does not explain its reasons in a post-conviction ruling, a federal habeas court should "look through" the unexplained decision to the last related state court decision that provides a relevant rationale and presume that the unexplained decision adopted the same reasoning. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The district court must consider the particular factual and legal reasons that the state court rejected the prisoner's federal claims. *Id.* at 1191-92.

In determining whether a state court made an "unreasonable determination of facts," a reviewing court must remember that the "AEDPA establishes a presumption that the state court's findings of fact are correct, and only clear and convincing evidence can rebut that presumption." *Rodriguez v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1277, 1301-02 (11th Cir. 2014); *see also* 28 U.S.C. § 2254(e)(1) (in a § 2254 proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting

the presumption of correctness by clear and convincing evidence."). We will only overturn a state court decision on factual grounds if the decision is objectively unreasonable. *Barnes v. Sec'y, Dep't of Corr.*, 888 F.3d 1148, 1156 (2018). A state court decision is "contrary to" clearly established federal law only if the state court arrives at a legal conclusion opposite to that reached by the Supreme Court or if it issues a different decision than the Supreme Court in a case involving materially indistinguishable facts. *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI. To succeed on an ineffective assistance claim, a movant must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below the wide range of competence demanded of attorneys in criminal cases, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688-89.

As to the prejudice prong of an ineffective assistance claim, in the context of pleas, the defendant must show that the outcome of the plea process would have been different if he had received competent counsel. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). The Supreme Court stated in *Lafler* that, when the prejudice

5

alleged is the defendant proceeding to trial instead of pleading guilty, he must show a reasonable probability that, but for his counsel's errors: (1) an offer would have been presented to the court; (2) the court would have accepted it; and (3) his conviction, sentence, or both would have been less severe under the offer's terms than it was under the judgment and sentence that he actually received. *Id.* at 164; *see also Missouri v. Frye*, 566 U.S. 134, 149-50 (2012) (stating that a defendant whose counsel failed to communicate a plea offer to him "must show not only a reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court").

Here, even if we assume, *arguendo*, that the district court erred in its analysis of Junes's ineffective assistance claim, we conclude that the denial of the petition was still proper. The magistrate judge failed to look through the Florida appeals court's decision to review the reasons that the Florida circuit court denied Junes's claim on the merits in April 2016. However, Junes has not pointed to clear and convincing evidence to rebut the presumption that the state court's factual findings were correct. Likewise, he has not shown that its decision was contrary to, or an unreasonable application of, clearly established federal law.

The state court found, and the record supported, that the outcome of the plea process would not have been different even if his attorney had not made the

alleged errors.   The state court found that Junes was made aware that multiple witnesses would testify against him and that he could be convicted as the principal to the crime simply by telling the shooter to shoot the victim.   Notwithstanding this knowledge, the state court found that he did not accept the prosecution's plea offer or seek to negotiate by counter-offer.  Thus, the state court found that Junes had failed to show that he would have accepted the plea offer but for the bad advice of counsel.  We cannot conclude that Junes has proved by clear and convincing evidence that these state court findings are erroneous.  Thus, we cannot conclude that Junes has satisfied the prejudice prong of the ineffective assistance of counsel standard in the context of alleged ineffectiveness in the plea context.

**AFFIRMED.**