[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15280
Non-Argument Calendar

_____

D.C. Docket Nos. 6:12-cv-00641-JA-DAB,
6:08-cr-00176-JA-GJK-1

FRANK L. AMODEO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 22, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Frank Louis Amodeo, a federal prisoner, appeals the denial of his third

motion to vacate as untimely. 28 U.S.C. § 2255(f). The district court ruled that

Amodeo's third motion, which he filed after the expiration of the one-year statute of limitation, *id.*, was "a new case rather than a continuation or amendment" and could not relate back to his previous timely-filed motions that were dismissed without prejudice. The district court also ruled that Amodeo was not entitled to equitable tolling because his litigiousness evidenced that his "mental health [did not] prevent[] him from timely filing a § 2255 motion." We affirm.

In 2009, the district court sentenced Amodeo to 270 months of imprisonment following his pleas of guilty to one count of conspiring to defraud the United States, 18 U.S.C. § 371, one count of obstructing an agency investigation, *id.* § 1505, and three counts of failing to remit payroll taxes, 26 U.S.C. § 7202. Amodeo appealed and argued that the district court failed to ensure that he was competent to plead guilty. *United States v. Amodeo*, 387 F. App'x 953 (11th Cir. 2010). We rejected Amodeo's argument as "belied by" evidence that he stipulated to his competency and that the district court considered testimony from Amodeo's doctor about his competency and questioned Amodeo extensively during the change of plea hearing to determine his competency. *Id.* at 954.

Amodeo inundated the courts with postconviction filings. In June 2011, a month before we affirmed Amodeo's conviction, he filed a motion to vacate that the district court dismissed without prejudice after he disobeyed three orders to amend the contents of his motion. *See* 28 U.S.C. § 2255. Amodeo then petitioned

2

unsuccessfully for a certificate of appealability and for a writ of certiorari in the Supreme Court. Meanwhile, in November 2011, Amodeo filed a second motion to vacate that the district court dismissed after he refused to comply with several orders to reduce the length of his motion. Amodeo moved to vacate the order of dismissal, and when that proved unsuccessful, he applied for a certificate of appealability, which both the district court and this Court denied. And Amodeo moved six times for the district court to reopen or reconsider its order of dismissal after he filed his third motion to vacate that is the subject of this appeal.

We review the denial of Amodeo's motion under a mixed standard of review. We review the factual findings of the district court for clear error and the application of the statute of limitation and doctrine of equitable tolling to those facts *de novo*. *Lawrence v. Fla.*, 421 F.3d 1221, 1224 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). Amodeo bears the burden of proving that his filing warrants equitable tolling of the limitation period. *See id.* at 1226.

The district court correctly determined that Amodeo's third motion to vacate could not be timely filed through relation back to his previously dismissed motions. Federal Rule of Civil Procedure 15 allows a party to relate back "[a]n amendment to a pleading" pending before a district court. Fed. R. Civ. P. 15(c). Amodeo filed separate motions to vacate that were assigned different case numbers. Because the district court had already dismissed Amodeo's two earlier

3

motions to vacate, there was no pleading pending in the district court when Amodeo filed his third motion. So Amodeo's third motion to vacate had "nothing . . . to relate back to." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000).

Amodeo argues that his third motion to vacate relates back based on our precedent in *Mederos v. United States*, 218 F.3d 1252 (11th Cir. 2000), but that decision is distinguishable. In *Mederos*, the district court dismissed the prisoner's motion to vacate without prejudice because it was not signed under penalty of perjury, and it then dismissed as untimely a second, identical motion filed 16 days later with a proper signature. *Id.* at 1253. We vacated the second order of dismissal because the "interests of justice" required treating Mederos's second motion—filed promptly and before a responsive pleading—"as an amendment that cured the initial § 2255 motion's technical deficiency, and [that] related back to the date of filing of the original motion for statute of limitations purposes." *Id.* at 1254. Unlike the movant in *Mederos*, Amodeo disregarded several orders to correct his first two motions to vacate, and after dismissal of his second motion, he waited six months to file his third motion to vacate. Amodeo is not entitled to the "special consideration" accorded to the movant in *Mederos*. *See id.*

The district court did not clearly err in finding that Amodeo's mental conditions did not amount to an "extraordinary circumstance" that entitled him to equitable tolling. *See Lawrence*, 421 F.3d at 1226. "[M]ental impairment is not *per*

4

*se* a reason to toll a statute of limitations"; the mental condition must affect the movant's "ability to file a timely petition." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009); *see Lawrence*, 421 F.3d at 1226. Amodeo's conduct belies his argument that his mental impairments hampered him from timely pursuing postconviction relief. Amodeo timely filed two motions to vacate with a plethora of exhibits, challenged the dismissal of those motions in this Court and the Supreme Court, and continued to protest the dismissal of his second motion by filing several postjudgment motions. And Amodeo knew about his impairments and notified the district court that his bipolar disorder caused mood swings and avoidant behavior and that he had enlisted another person to assist him. Amodeo proved capable of timely litigating on his behalf.

We **AFFIRM** the denial of Amodeo's third motion to vacate as untimely.