[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11076

Non-Argument Calendar

_____

JONATHAN LOPEZ,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:17-cv-02121-GKS-GJK

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Lopez, a Florida prisoner serving a life sentence for two counts of attempted second degree murder with a firearm, battery, attempted first degree murder with a firearm, three counts of aggravated assault with a firearm, and possession of a firearm by a convicted felon, appeals the denial of his 18 U.S.C. § 2254 petition, which was based on ineffective assistance of trial counsel.

Lopez filed the § 2254 petition at issue in this appeal, which raised one ground for relief based on ineffective assistance of his trial counsel.  In the petition, he argued that his trial counsel was ineffective for advising him to reject the state's plea offer of 25 years' imprisonment on the day of trial.  He acknowledged that his claim was procedurally barred from being raised in state court because it was not raised in his original motion for post-conviction relief.  However, he asserted that because his failure to present the claim in his state post-conviction proceedings was due to his post-conviction counsel's ineffective performance and his claim for relief was substantial, the district court could review it on the merits.

On appeal, Lopez argues that the district court erred when it found that he procedurally defaulted his ineffective assistance of counsel claim and determined that the default could not be excused because his claim lacked merit.

When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). We may affirm the denial of habeas relief for any ground supported by the record. *Trotter v. Sec'y, Dep't of Corrs.*, 535 F.3d 1286, 1291 (11th Cir. 2008). The burden is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is presumed to be reasonable, and the movant must demonstrate that no competent counsel would have taken the action that counsel took. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Where a prisoner claims that he rejected a plea offer as a result of counsel's deficient performance, he must demonstrate a reasonable probability that: (1) absent the deficient performance, he would have accepted the plea offer; (2) the prosecution would not have cancelled or withdrawn the offer; (3) the court would have accepted the plea offer; and (4) the conviction or sentence, or both, would have been less severe than what he actually received. *See*

*Missouri v. Frye*, 566 U.S. 134, 147 (2012) (requiring the first three); *Lafler*, 566 U.S. at 168 (adding the fourth). In the context of a defendant who ultimately takes a guilty plea, we have held that, although counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, counsel must still make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow. *Agan v. Singletary*, 12 F.3d 1012, 1018 (11th Cir. 1994).

Under the procedural-default doctrine, if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To properly exhaust a claim, the petitioner must fairly present every issue in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Id.*

Pursuant to *Martinez v Ryan*, 566 U.S. 1 (2012), a prisoner may establish cause for default of a claim of ineffective assistance of trial counsel by showing both that post-conviction counsel was ineffective under the two-prong standard of *Strickland*, and that the defaulted claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Martinez*, 566 U.S. at 14. A defaulted claim is substantial when resolution of the merits of the claim would be debatable among jurists of reason. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2010).

As an initial matter, Lopez concedes that his claim is procedurally defaulted, as he failed to raise it in his Rule 3.850 motion,

21-11076                Opinion of the Court                    5

and he cannot now raise it in state court.  *See Smith*, 256 F.3d at 1138.  The district court properly found that his assertion—that counsel was ineffective during his collateral proceedings by failing to raise this claim in his Rule 3.850 motion—does not excuse this procedural default because his underlying claim of ineffective assistance of counsel is meritless.  *Id.*

Here, we conclude that the district court did not err when it determined that Lopez failed to satisfy the standard set forth in *Martinez,* and accordingly dismissed his petition as procedurally defaulted.  566 U.S. at 14.  As to the first prong of *Martinez*, Lopez did not show that his post-conviction counsel was ineffective under *Strickland* for failing to raise the issue of trial counsel's ineffectiveness in his first Rule 3.850 motion because trial counsel was not ineffective.  *See id.*  First, Lopez alleged that he would have accepted the plea offer if he had known more information, but points to nothing in the record that indicated that he had an intent to plead guilty.  *See Lafler*, 566 U.S. at 164; *Putman*, 268 F.3d at 1243.  Further, the state offered the identical plea agreement to Lopez on three occasions—at a July 2011 hearing, on the morning of trial, and after the state rested at trial.  Lopez refused to accept the offer each time.  Second, even if the state had maintained its offer, Lopez points to nothing in the record that indicates that the trial court would have accepted the negotiated plea to a 25-year sentence when the mandatory minimum sentence was life.  *See Lafler*, 566 U.S. at 164; *Putman*, 268 F.3d at 1243.  As stated in *Putnam*, Lopez bears the burden to make this showing, and despite what he argues

in his initial brief, he fails to cite to binding case law that alleviates him of this burden.  *See Putman*, 268 F.3d at 1243.

As to the second prong of *Martinez*, even if Lopez's allegations are sufficient to demonstrate deficient performance on the part of post-conviction counsel, Lopez failed to demonstrate that his underlying claim of ineffective assistance of trial counsel is substantial, *i.e.*, that it has any merit, for the reasons explained above. *See Martinez*, 566 U.S. at 14; *Miller-El*, 537 U.S. at 336.  He did not point to anything in the record supported by binding precedent to show that trial counsel was deficient, or that the alleged deficiency prejudiced him.  *See Strickland*, 466 U.S. at 687–90; *Putman*, 268 F.3d at 1243.  Thus, we conclude that he did not meet his burden, and did not meet the standard articulated in *Martinez* to excuse the procedural default.  *See Putman*, 268 F.3d at 1243; *Martinez*, 566 U.S. at 14.

Accordingly, we conclude that the district court did not err in denying Lopez's § 2254 petition because his claim had been procedurally defaulted in the state court, and Lopez did not make the requisite showing to overcome the procedural bar.  *See Martinez*, 566 U.S. at 14.

**AFFIRMED.**